IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NASHAE NAEISHA SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 21-5120 |
| | : | |
| BENNETTE HARRISON, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    December 23, 2021

A Philadelphia mother apparently separated from her children is frustrated with the scheduling of a child reunification hearing in the Philadelphia County Family Court System. She now sues seeking compensatory damages for herself and for her children against four persons with no identified role in the scheduling and a judge in the Court of Common Pleas. She also asks us to order state agencies to schedule her hearing. We granted her leave to proceed without paying the filing fees and now must now screen her Complaint for merit consistent with Congress's mandate. She fails to plead a state actor necessary for a civil rights claim except for the judge. She cannot sue the judge for his actions consistent with his role as a judicial officer within the scope of his jurisdiction. She also fails to plead a Constitutional violation even when we liberally construe her allegations under the Fourteenth Amendment Due Process clause. And she fails to plead a basis which would counsel us against abstaining from an ongoing state family court proceeding. We recognize she is proceeding without counsel and will grant her leave to amend consistent with today's Order and the facts except for suing the judge based on these allegations. We dismiss her Complaint subject to timely amendment at which time we will again screen her allegations for merit.

I.    **Alleged facts**

Nashae Naeisha Smith is the mother of three minor children seemingly involved in ongoing family court matters in Philadelphia County concerning reunifying her children. Although not entirely clear, we gather the state removed her children from her custody and they are currently in foster care. She contends Bennette Harrison, Andre Martino, Cynthia Everett, and Nilda Ruiz should have scheduled or instituted a reunification hearing as ordered by an unidentified Philadelphia Family Court judge in her custody hearing.[1] She names the Honorable Allan Tereshko as a defendant but does not allege conduct by him acting as a judge in the Pennsylvania courts. Ms. Smith identifies Kasey Rascoe, the assigned "CUA"[2] caseworker, as responsible for monthly foster home visits, "accommodating" weekly visits, and coordinating medical and educational needs of the children.[3] Ms. Rascoe is not a party and Ms. Smith does not attribute the complained-of conduct to Ms. Rascoe. Ms. Smith identifies January 6, 2021, May 29, 2021, and October 27, 2021 as the dates of the events giving rise to her claims.[4]  She offers no further allegations regarding what occurred on those dates.

Ms. Smith claims the failure to schedule a reunification hearing caused her emotional and physical distress. She seeks $800,000 in damages for her injuries and $ 1 million in damages for her children's injuries.[5] She also asks us to compel Philadelphia's Department of Human Services[6] and the Community Umbrella Agency "to begin to conduct [her] reunification hearings concerning [herself] and [her] three children."[7]

II.    **Analysis**

Having granted Ms. Smith leave to proceed *in forma pauperis*, we are required to screen her complaint and dismiss it if we determine her action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune

2

from such relief.[8] When considering whether to dismiss a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), we apply the same standard used under Federal Rule of Civil Procedure 12(b)(6).[9] Under Rule 12(b)(6), we accept all factual allegations in Ms. Smith's complaint as true and construe those facts in the light most favorable to her to determine whether she states a claim to relief plausible on its face.[10]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings …'"[11] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[12] However "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[13]

### A. We liberally construe but must dismiss Ms. Smith's complaint as seeking damages for deprivation of due process.

We construe Ms. Smith's complaint as asserting persons deprived her of a Fourteenth Amendment right to either substantive or procedural due process (or both) under 42 U.S.C. § 1983. Section 1983 is a civil rights statute providing: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted …."[14]

Congress in section 1983 does not confer rights upon a plaintiff. Rather, it is the vehicle used to bring federal constitutional claims in federal court. To state a claim under section 1983, Ms. Smith must establish two elements: (1) a person acting under color of state law committed the

complained-of conduct; and (2) the conduct deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States.[15]

### 1. Ms. Smith fails to allege a state actor necessary for a civil rights claim.

Ms. Smith must allege Ms. Harrison, Mr. Martino, Ms. Everett, and Ms. Ruiz acted under color of state law to meet the first element of a section 1983 claim. Congress in section 1983 allows suits against private parties acting under color of state law where (1) the private party deprived the plaintiff of a constitutional right by exercising "a right or privilege having its source in state authority" and (2) where the private party may be "appropriately characterized as [a] 'state actor'" where the private party "is a state official, … has acted together with or has obtained significant aid from state officials, or [where his] conduct is otherwise chargeable to the State."[16]

Ms. Smith does not identify Ms. Harrison, Mr. Martino, Ms. Everett, and Ms. Ruiz, their positions, and whether they are a state official, acted together or obtained significant aid from state officials, or acted in a way that is "fairly attributable" to the State.[17] Absent allegations regarding their conduct as acting under color of state law, Ms. Smith fails to meet the first element of a section 1983 claim.

Ms. Smith also sues Judge Allan Tereshko of the Philadelphia County Court of Common Pleas. Judges are absolutely immune from civil rights claims based on acts or omissions taken in their judicial capacity as long as they do not act in the complete absence of all jurisdiction.[18] Ms. Smith does not allege facts allowing us to plausibly infer a legally cognizable claim Judge Tereshko. Judge Tereshko is judicially immune from suit and we dismiss claims against him with prejudice as any amendment based on the admitted facts would be futile.

### 2.      Ms. Smith fails to plead someone deprived her of a Constitutional right.

Even if Ms. Smith sufficiently alleged Defendants (but not the judicially immune Judge Tereshko) acted under color of state law, she must allege those persons deprived her of a right secured by the Constitution or federal law.

Congress allows three kinds of section 1983 claims under the Due Process Clause: (1) a violation of a specific right guaranteed by the Bill of Rights; (2) a violation of "substantive due process" protecting a claimant from "certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them'"; and (3) a violation of "procedural due process" protecting a claimant from the "deprivation of a state action of a constitutionally protected interest in 'life, liberty, or property'" without due process of law.[19]

Ms. Smith's claims appear to be grounded in a denial of the Fourteen Amendment's Due Process Clause. Ms. Smith alleges Defendants violated her right to a fair and impartial reunification hearing regarding her three children and ignored her request for a reunification hearing. It is unclear whether Ms. Smith contends (1) the state court or agency held a reunification hearing but the proceeding was neither fair nor impartial *or* (2) the state court or agency denied a reunification hearing altogether, or both. She identifies three dates – January 6, May 29, and October 27, 2021 – on which something happened to deprive her of a fair and impartial reunification hearing with no other facts.[20]

If Ms. Smith intends to bring a substantive due process claim under the Fourteenth Amendment, she must allege Defendants deprived her of a protected constitutional interest by engaging in conduct "shock[ing] the conscience."[21] Although largely dependent on the facts, "only the most egregious official conduct" can shock the conscience.[22] Ms. Smith has a constitutionally protected liberty interest in the custody, care, and management of her children.[23] The interest is

5

"not absolute … as the 'liberty interest in familial integrity is limited by the compelling governmental interest in the protection of children.'"[24] Ms. Smith does not allege conscience shocking conduct. We dismiss her substantive due process claim, to the extent she intended to plead it, with leave to amend.

If Ms. Smith intends to bring a procedural due process claim, she must allege (1) a deprivation of an individual interest encompassed within the Fourteenth Amendment's protection of "life, liberty, or property"; and (2) the procedures available to her did not provide "due process of law."[25] As noted, Ms. Smith has a constitutionally protected liberty interest, although not absolute, in the custody, care, and management of her children. But she does not allege how the procedures available to her regarding the custody of her children did not provide her with due process of law. We dismiss her procedural due process claim with leave to amend.

B.  **Ms. Smith has not plead a basis to compel the state agencies to order a hearing.**

In addition to monetary damages for conduct from May through December 2021, Ms. Smith also asks us to order Philadelphia's Department of Human Services and a Community Umbrella Agency to "[begin] to conduct [a] reunification hearing concerning [her] and [her] three children."[26] This allegation suggests an ongoing child custody proceeding in the Philadelphia County Court of Common Pleas, Family Division.

Federal courts have a "virtually unflagging obligation" to hear and decide cases within the scope of our jurisdiction.[27] Ms. Smith claims certain persons violated her Fourteenth Amendment due process rights invoking our federal question jurisdiction. There are, however, certain classes of cases requiring us to abstain from jurisdiction. One abstention doctrine, known as *Younger* abstention, prevents us from hearing cases relating to certain ongoing state court proceedings.[28]

We apply a two-stage analysis to determine whether *Younger* abstention applies. First, we examine whether the underlying state court litigation falls within one of three specific categories of cases: (1) ongoing state criminal prosecutions; (2) certain "civil enforcement proceedings"; and (3) pending "civil proceedings involving certain orders … uniquely in furtherance of the state courts' ability to perform their judicial functions" (the "*Sprint* categories").[29] Ms. Smith's claims here do not implicate the first and second categories. But child custody proceedings are civil proceedings falling into the third category.[30] Ms. Smith asks us to intervene in what appears to be a state court child custody proceeding.

Having found the ongoing child custody action fits into one of the *Sprint* categories, we move to the second stage of our analysis. In the second stage, we consider three factors articulated by the Supreme Court in *Middlesex County Ethics Committee v. Garden State Bar Association*:[31] whether "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."[32] If these factors apply, we must abstain under *Younger*.

As currently pleaded, it appears the custody proceeding involving Ms. Smith's children is ongoing in the Philadelphia County Court of Common Pleas, Family Division. The first prong is satisfied. Child custody proceedings implicate important state interests, satisfying the second prong.[33] The third prong requires the child custody proceedings to afford Ms. Smith an adequate opportunity to raise federal claims. It is Ms. Smith's burden to show "the state procedural law barred presentation of [her] claims."[34] As currently pleaded, we cannot say the Philadelphia County Court of Common Pleas, Family Division barred Ms. Smith from presenting her claims. We must abstain from considering equitable relief compelling the state court to schedule hearings under *Younger*.

### III. Conclusion

Nashae Naeisha Smith sues Bennette Harrison, Andre Martino, Cynthia L. Everett, Nilda Ruiz, and the Honorable Allan Tereshko alleging they violated her right to a fair and impartial reunification hearing in state court regarding her three minor children by denying her request for such a hearing. We granted Ms. Smith leave to proceed *in forma pauperis* as she demonstrated an inability to pay the fees to commence this action. We are required to screen the sufficiency of her complaint under 28 U.S.C. § 1915(e)(2)(B).

She fails to plead a claim requiring we dismiss her complaint. We grant her leave to timely amend if she can plead state actors depriving her of a constitutional right except the state court judge is immune from suit when acting in his judicial capacity. She may also amend if she seeks equitable relief if she can truthfully plead facts (not conclusions) showing the state procedural law is barring presentation of her claim. We dismiss her claims against the Honorable Allan Tereshko relating to his role as a judge acting within his jurisdiction with prejudice.

---

[1] ECF Doc. No. 11 § III.C.

[2] "CUA" stands for "Community Umbrella Agencies." The Philadelphia Department of Human Services works with Community Umbrella Agencies to provide case management services for child welfare. *See* https://www.phila.gov/documents/community-umbrella-agency-map

[3] ECF Doc. No. 11 § III.C.

[4] *Id.* § III.B.

[5] *Id.* § V.

[6] Philadelphia's Department of Human Services is the county child welfare and juvenile justice agency and overseen by the City of Philadelphia's Office of Children and Families. According to its website, its mission "is to provide and promote safety, permanency, and well-being for children and youth at risk of abuse, neglect, and delinquency." Its main service areas include prevention; child welfare; foster care and adoption; and juvenile justice.
*See* https://www.phila.gov/departments/department-of-human-services

---

[7] ECF Doc. No. 11 § III.C.

[8] 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).

[9] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[10] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[11] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[12] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[13] *Id.* (quoting *Mala*, 704 F.3d at 245).

[14] 42 U.S.C. § 1983.

[15] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[16] *Diamond v. Pa. State Educ. Assoc.*, 972 F.3d 262, 270-71, n.2 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

[17] *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 641-42 (E.D. Pa. 2014).

[18] *Humphrey v. Pa. Court of Common Pleas of Phila.*, 462 F. Supp. 3d 532, 535-36 (E.D. Pa. 2020) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam)).

[19] *Zinermon v. Burch*, 494 U.S. 113, 125 (1990); *Washington v. Lehigh Cnty. District Attorney's Office*, No. 21-159, 2021 WL 2108985, at * 6 (E.D. Pa. May 25, 2021) (publication in Federal Supplement 3d forthcoming).

[20] Ms. Smith identified January 6, 2021, May 29, 2021, and October 27, 2021 as the dates on which the events giving rise to her claims occurred. ECF Doc. No. 11 § III.B. It is unclear whether reunification or other hearings with regard to Ms. Smith's parental rights were held on these dates and whether Ms. Smith contends a violation of her due process rights at these hearings. We cannot make reasonable inferences without further clarification from Ms. Smith.

[21] *Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 447 (3d Cir. 2020).

[22] *Kane v. Barger*, 902 F.3d 185, 192 (3d Cir. 2018) (citing *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

---

[23] *Clayworth v. Luzerne Cnty., Pa.*., 513 F. App'x 134, 137 (3d Cir. 2013) (citing *Croft v. Westmoreland Cnty. CYS,* 103 F.3d 1123, 1125 (3d Cir. 1997)).

[24] *Id.*

[25] *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

[26] ECF Doc. No. 11 § V.

[27] *Greco v. Bruck*, No. 21-1035, 2021 WL 5276674, * 2 (3d Cir. Nov. 12, 2021) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[28] *Younger v. Harris*, 401 U.S. 37 (1971).

[29] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).

[30] *Mikhail*, 991 F. Supp. 2d at 627-28; *Shallenberger v. Allegheny Cnty.*, No. 20-73, 2020 WL 1465853, at *7 (W.D. Pa. Mar. 26, 2020) ("[c]ourts within this Circuit have repeatedly held that child-custody cases fit "squarely into the third category of exceptional cases[ ]" and that "[c]ustody cases are particularly appropriate for *Younger* abstention") (quoting *Karl v. Cifuentes*, No. 15-2542, 2015 WL 4940613, at *4 (E.D. Pa. Aug. 13, 2015)).

[31] 457 U.S. 423 (1982).

[32] *Malhan v. Sect'y United States Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019) (applying the *Middlesex* factors).

[33] *Mikhail*, 991 F. Supp. 2d at 628.

[34] *Id.* at 629 (quoting *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)).